IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MARTENSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHICAGO STOCK EXCHANGE, )<br>)<br>Defendant. )<br>)<br>)<br>) | Case No. 17 CV 1494 |

## COMPLAINT

PLAINTIFF JEFFREY MARTENSEN, through his attorneys, Richard J. Gonzalez and Jaz Park / Law Offices of Chicago-Kent College of Law, complaining of DEFENDANT CHICAGO STOCK EXCHANGE ("CHX") alleges as follows:

## PARTIES AND JURISDICTION

1. PLAINTIFF is and was at all relevant times a resident of the city of Chicago, Illinois, and was employed by DEFENDANT CHX as Supervisor of its Market Regulation Trading Examinations unit until the August 29, 2016 termination of his employment.

2. DEFENDANT CHX is a duly registered corporation doing business within the city of Chicago, Illinois, where PLAINTIFF had been employed at all relevant times.

3. This Court has jurisdiction of this matter pursuant to the provisions of the *Dodd-Frank* Act, 15 U.S.C. Sec. 78u-6 and this Court's supplemental jurisdiction over related state law claims.

## COUNT ONE

## RETALIATORY DISCHARGE IN VIOLATION OF THE DODD-FRANK ACT,

## 15 U.S.C. Sec. 78u-6

4.  PLAINTIFF MARTENSEN was hired by DEFENDANT CHX on November 2, 2012, and served, prior to his termination, as Supervisor of CHX's Market Regulation Trading Examinations unit.

5.  In that role, PLAINTIFF had the duty and obligation to conduct himself and his work-related activities according to the highest ethical standards and in accordance with all laws and regulations pertaining to the CHX and its activities, including PLAINTIFF's duty to disclose any contravention of any law, rule, or regulation subject to the jurisdiction of the Securities and Exchange Commission.

6.  In April, 2016, PLAINTIFF, who had become concerned about malfeasance, nonfeasance and misfeasance by his supervisor Peter Santori, contacted Senior Vice President Steven Givot to voice his concerns *as required by rule and in accordance with* "The Exchange's Open Door Policy" and "Business Ethics Policies" sections of the CHX Employee Handbook.

7.  As a direct result of the conversation between PLAINTIFF and SVP Givot, CHX Board member Charles Rogers contacted PLAINTIFF via email, requesting a written summary of the issues.

8.  As requested, on April 29, 2016, PLAINTIFF provided a memorandum to Rogers that detailed the misconduct at issue.

9.  In that memorandum PLAINTIFF advised Rogers that at a February 24, 2016 ROC meeting, Santori intentionally or negligently misled Board members as to whether a participant was aware of actions that they needed to take to avoid further sanctions by CHX

2

Regulatory Operations and Enforcement. When PLAINTIFF correctly offered the fact that the participant was not aware of the requisite actions needed, PLAINTIFF was subsequently reprimanded by Santori for the contradiction.

10. Also within that memorandum, PLAINTIFF advised Rogers that at the April 22, 2016 weekly Market Regulation/Enforcement meeting, Santori made numerous comments as to whether any actions *should* be considered against a participant because that action *could* be detrimental to the exchange's reputation with its participants and potentially to exchange business going forward, rather than considering the seriousness of the violation without regard to potential business implications.

11. Also within the memorandum, PLAINTIFF advised Rogers that Santori had recently instructed the Market Regulation Trading Examinations unit to adhere to a course of action that was inconsistent with and directly counter to CHX Article 17, Rule 3(d)(3), despite PLAINTIFF's objections that said course of action was counter to CHX Rules.

12. Immediately after PLAINTIFF issued the memorandum to Rogers, Rogers informed PLAINTIFF that an investigation into PLAINTIFF's concerns would occur, but also warned PLAINTIFF that his disclosure would result in "unexpected consequences" for PLAINTIFF.

13. On August 29, 2016, DEFENDANT terminated PLAINTIFF's employment, despite a history of exemplary job performance, citing pretextual reasons but actually in retaliation for having reported the misconduct of Santori, as foretold by Rogers.

14. DEFENDANT's retaliatory termination of PLAINTIFF's employment was done in clear violation of the law in the following respects:

a. Plaintiff's initial disclosure was required by the Business Ethics Policy of the CHX Handbook that provides "[e]mployees are also expected to bring to the attention of the Vice President of Human Resources, *an Officer*, or the Company's General Counsel any situation or occurrence which may involve illegalities or acts in violation of or contrary to Company policy. Under no circumstances will the Exchange retaliate, either directly or indirectly, against an Employee solely on account of the Employee having raised a matter in good faith."

b. Plaintiff's subsequent memorandum detailing Santori's misconduct was required by Board Member Rogers in his official capacity.

c. DEFENDANT CHX is under the jurisdiction of the Securities and Exchange Commission. Making required disclosures under any law, rule, or regulation subject to the jurisdiction of the Commission is a protected activity under 15 U.S.C. 78u-6(h)(1)(A).

15. Under the provisions of the *Dodd-Frank Act , 15 U.S.C.* Sec. 78u-6(h)(1)(A), an employer may not discharge an employee who as acted as a "whistleblower" within the meaning of the Act's provisions for having made disclosures that are required under the *Sarbanes-Oxley Act of 2002*, 15 U.S.C. 7201 *et. seq.*

16. PLAINTIFF is an aggrieved employee pursuant to the provisions of 15 U.S.C. Sec. 78u-6(h)(1)(B) and is entitled to bring this private cause of action within a Federal Court because PLAINTIFF verbalized and complained of the foregoing conduct that he subjectively reasonably believed violated the security laws and that objectively violated the securities laws, as set out above.

17. As a proximate result of DEFENDANT's unlawful conduct, PLAINTIFF suffered loss of salary, benefits, and incurred incidental expenses related thereto.

WHEREFORE, PLAINTIFF respectfully seeks entry of an Order:

    A. Reinstating him to his previous position;

    B. Awarding him all lost wages and the value of lost benefits and incidental expenses;

    C. Awarding him an additional equal sum as liquidated damages under the provisions of the Act;

    D. Awarding him all attorney fees and costs of this litigation, including any expert witness fees; and

    E. Such other relief as this Court deems just and appropriate.

## COUNT TWO

## RETALIATORY DISCHARGE IN VIOLATION OF ILLINOIS COMMON LAW

DEFENDANT's termination of PLAINTIFF's employment without basis constituted a retaliatory discharge within the meaning of Illinois law in that PLAINTIFF was terminated for vocalizing his objections to Santori's unethical conduct as described above.

18. PLAINTIFF repeats and re-alleges Paragraphs 1-17 of Count One and incorporates same by reference as though fully set out herein.

19. As Supervisor of DEFENDANT's Market Regulation Trading Examinations unit, it was PLAINTIFF's duty to disclose unethical and illegal conduct that he observed in process, in accordance CHX and SEC Rules and with the public policy of the state of Illinois.

20. DEFENDANT'S termination of PLAINTIFF's employment without cause for having vocalized his opposition to Santori's unlawful conduct constituted a retaliatory discharge within the meaning of Illinois law.

21. PLAINTIFF's objections to unethical and illegal conduct struck at the heart of the welfare of the citizens of Illinois within the meaning of Illinois law.

22. DEFENDANT's actions were performed with malice in that PLAINTIFF's termination was a sudden and direct response to PLAINTIFF's protests of unethical and illegal conduct, and were in direct violation of 15 U.S.C. 78u-6(h)(1)(A) and 17 C.F.R. 240.21F-2.

23. As a proximate result of DEFENDANT CHX's conduct, PLAINTIFF suffered loss of his employment, lost wages, lost benefits, and emotional distress in the form of anxiety, embarrassment, and humiliation.

WHEREFORE, PLAINTIFF prays for an Order:

A. Reinstating him to his previous position;

B. Awarding him all lost wages and the value of lost benefits;

C. Awarding him compensatory damages in an appropriate sum; and

D. Awarding him punitive damages in an appropriate sum.

## COUNT THREE

## NEGLIGENCE PER SE

24. Plaintiff repeats and re-alleges Paragraphs 1-23 and incorporates same by reference as though fully set out herein.

25. The foregoing conduct constitutes negligence per se under Illinois law in that:

a. Defendant, in terminating Plaintiff's employment based upon retaliation, did so in violation of the anti-retaliation provisions of the Dodd Frank Act.

b. The Dodd Frank Act provides for criminal but not civil penalties for such a violation.

c. Defendant's action- termination of Plaintiff's employment- is the specific type of harm to an employee that the anti-retaliation provision of the Dodd Frank Act is designed to prevent.

d. Plaintiff—as an individual who registered internal complaints to managerial agents of Defendant—is a member of the protected class of employees within the meaning of the Dodd Frank Act.

WHEREFORE, PLAINTIFF prays for entry of an Order:

A. Awarding him lost wages and the value of lost benefits;

B. Awarding him compensatory damages in an appropriate sum;

C. Awarding him punitive damages in an appropriate sum.

PLAINTIFF DEMANDS TRIAL BY JURY.

                                          Respectfully submitted,

                                          By:__s:/Richard J. Gonzalez_____
                                                  Richard J. Gonzalez
                                                  Attorney for Plaintiff

RICHARD J. GONZALEZ
JAZ PARK
Chicago-Kent College of Law
565 W. Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (312) 906-5079
Fax: (312) 906-5299