# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY MARTENSEN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1494 |
| | ) | |
| **CHICAGO STOCK EXCHANGE**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In response to a complaint brought against it by professed "whistleblower" Jeffrey Martensen ("Martensen") under the claimed auspices of the anti-retaliation provisions of the Dodd-Frank Act ("Act"),[1] defendant Chicago Stock Exchange ("Exchange") has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss because of Martensen's asserted failure to state a claim under the provisions of the Act, which apply solely to action taken by a "whistleblower" as expressly defined in Act § 6(a)(6) (emphasis added):

> The term "whistleblower" means any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws <u>to the Commission</u>, in a manner established, by rule or regulation, by the Commission.

This sua sponte memorandum opinion and order addresses that motion because it relies on that express definition -- reliance that cannot be countered by any legally impermissible reading of Congress' unambiguous language out of the Act.

---

[1] Citations to that portion of the Act, found at 15 U.S.C. § 78u-6, will take the form "Act § 6 --," omitting the prefatory "15 U.S.C. § 78u."

Exchange's motion is unique in Rule 12(b)(6) jurisprudence in that there is no need to await Martensen's response before this Court rules on the matter. That oddity obviously calls for an explanation at the outset.

What is at issue in this case is the purely legal question as to whether Martensen is or is not a "whistleblower" within the Act's above-quoted definition of that term, a subject on which our own Court of Appeals has had no occasion to rule,[2] while three other Courts of Appeals have treated the subject in depth and have reached conflicting conclusions. In that respect Act § 6(h)(1)(A) provides a right of action to a "whistleblower" in the following language relevant to this case (emphasis again added):

> No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower --
>
> > (i) in providing information to the Commission in accordance with this section . . . .

Here is the story as to those three precedential Court of Appeals opinions:

1. Asadi has concluded that an employee in circumstances identical to those presented by Martensen, having complained up the employer's food chain

---

[2] Two District Court judges within this circuit have ruled on the issue in legally comparable situations, and each has answered that question "no" -- see Verfuerth v. Orion, 65 F. Supp. 3d 640 (E.D. Wis. 2014) and Lamb v. Rockwell, 15 C 1415, 2016 WL 4273210 (E.D. Wis. 2016), each coming to the same conclusion as that arrived at by the Court of Appeals for the Fifth Circuit in the later-discussed Asadi v. G.E. Energy, 720 F.3d 620 (5th Cir. 2013). But we are regularly and properly reminded by our Court of Appeals that District Court opinions are non-precedential, so that this opinion does not place either Verfuerth or Lamb on the scales of justice in arriving at this Court's independent determination.

(in Martensen's case, a requirement of the employer's internal regulations) but <u>not</u> to the SEC, as the Dodd-Frank statute requires for "whistleblower" status, is not a "whistleblower" subject to actions under Section 6(h)(1)(A).

2. Both <u>Berman v. Neo@Ogilvy LLC</u>, 801 F.3d 145 (2d Cir. 2015) and <u>Somers v. Digital Realty Trust, Inc.</u>, 850 F.3d 1045 (9th Cir. 2017) have held that the unambiguous statutory definition in Section 6(a)(6) is somehow overridden by other considerations, including statements emanating from the SEC itself, so that "whistleblower" is transmuted from a term of art specifically defined by Congress to a generic noun of broader scope.

This Court of course intends no disrespect to the four judges who have reached that last-described result.[3] But for more than three decades this Court has consistently adhered to the principle that it stated in these terms in <u>State of Ill. by the Ill. Dep't of Pub. Aid v. Heckler</u>, 616 F. Supp. 620, 624 (N.D. Ill. 1985), aff'd 808 F.2d 571 (7th Cir. 1986), addressing the meaning of a statutorily defined term (in that instance part of the Social Security Act):

> Any analysis must of course begin with -- and focus on -- the language of [the statute] itself.

---

[3] In another oddity, each of those results was reached in a 2-to-1 decision over a dissent by the third member of the appellate panel. Again legal analysis rather than nose-counting must carry the day, but the fact remains that a majority -- 5 out of 9 -- of the Circuit Judges who have been called upon to rule on the issue have been in favor of adhering to the unambiguous congressional directive rather than rationalizing a departure from that definition.

As <u>Heckler</u>, <u>id.</u> at 624 n.8 went on to say, in language that could well have been written in this case to explain why analysis calls for the express statutory definition to prevail over the revision as to the revisionist approach taken in <u>Berman</u> and <u>Somers</u>:

> With such unambiguous statutory language, conventional wisdom would foreclose any recourse at all to legislative history (or administrative regulations, for that matter). But the "modern" school of statutory interpretation (sometimes jocularly phrased as "look at the legislative history, and if it is ambiguous then look at the statutory language") has gained a disturbing amount of currency in the highest circles. Justice Stevens has been especially critical of that tendency by the Supreme Court. <u>See</u>, <u>e.g.</u>, <u>Kosak v. United States</u>, 465 U.S. 848 (Stevens, J., dissenting).

As stated earlier, it is of course true that District Court decisions have no precedential value, so this Court's consistent adherence to that principle (see, e.g., <u>EEOC v. Synchro-Start Prod., Inc.</u>, 29 F. Supp. 2d 911, 914 (N.D. Ill. 1999) and <u>FDIC v. Mudd</u>, 704 F. Supp. 2d 822, 825 (N.D. Ill. 2010)) concededly adds nothing to the "weight of authority." But in true weight-of-authority terms, the Supreme Court's teaching in the seminal decision in <u>Chevron , U.S.A. v. Natural Resources Defense Council</u>, 467 U.S. 837, 842-43 (1984) provides the definitive answer:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.

Indeed, only two days ago in <u>Advocate Health Care Network v. Stapleton</u>, No. 16-74, 2017 WL 2407476 (S. Ct. June 5, 2017), a unanimous Supreme Court reconfirmed its adherence to that same principle of reading and applying a congressionally enacted statute literally, giving effect to every word in the statute, with the Court reversing the opinions of three Courts of Appeals (including our own) that had reached opposite results.

**Conclusion**

For the reasons stated here and in the other cases that have reached the same destination, this Court rejects the notion that Congress did not mean what it said (or that it arguably might have said if it had given further thought to the matter). This Court accordingly holds (1) that the congressionally enacted definition of "whistleblower" in the Dodd-Frank Act's retaliatory provision is unambiguous and (2) that no administrative regulation can turn the jurisprudential world upside down to override that unambiguous provision. Exchange's motion to dismiss Martensen's Complaint's federal question under the Dodd-Frank Act is therefore granted, so that the state-law-based provisions of the Complaint have no federal underpinning to support them and are therefore dismissed without prejudice. In sum, both the Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 7, 2017