IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MARTENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 1494 |
| ) | |
| CHICAGO STOCK EXCHANGE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

On July 17, 2017 this Court granted the motion of counsel for plaintiff Jeffrey Martensen ("Martensen") to withdraw from his representation (Dkt. No. 26). But what counsel states in that motion also provides strong confirmation of this Court's June 7 memorandum opinion and order (Dkt. No. 18) that had dismissed Martensen's Complaint for failure to state a claim -- more particularly, because he was not a "whistleblower" as defined in the Dodd-Frank Act. Then after that dismissal (on July 3) Martensen had filed a pro se "Plaintiff's Motion To Vacate Order Pursuant to Fed. R. Civ. P. 60 and Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)" (the "July 3 Motion," Dkt. No. 21), which in turn prompted this Court's issuance of a July 11 memorandum order (Dkt. No. 25) that deferred ruling on the July 3 Motion.

Now, however, it is clear that the July 3 Motion really calls for its denial rather than deferral, not only because of what Martensen's withdrawing counsel has said about his pro se activity but also because of the amorphous assertions that Martensen has now come up with in an effort to claim Dodd-Frank "whistleblower" status. Although he now asserts (even though such a highly relevant allegation was totally absent from his original Complaint) that he had "prior

contact with the SEC, which included contact via the SEC website and in person discussions, which would enable him to fall within the definition of a whistleblower," nothing in what he has asserted even hints that such claimed prior contact meets the Dodd-Frank "whistleblower" definition in 15 U.S.C. § 78u-6(a)(6) (emphasis added):

> The term "whistleblower" means any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws <u>to the Commission, in a manner established, by rule or regulation, by the Commission</u>.

Accordingly there is no need to deal with the several other meritorious arguments advanced by counsel for defendant Chicago Stock Exchange in their responsive memorandum (Dkt. No. 24), and Martensen's July 3 Motion is simply denied. Martensen's action remains dismissed.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: July 19, 2017